UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN A. DURHAM, | ) | CASE NO. 1:18-cv-2520 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| WARDEN DAVE MARQUIS, | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on the motion[1] of petitioner Bryan Durham ("Durham" or "petitioner") for leave to conduct discovery with respect to his petition brought pursuant to 28 U.S.C. § 2254. In the petition, Durham challenges his conviction and sentence in the Cuyahoga County Court of Common Pleas for the murder of Herb Coleman. (Doc. No. 1 ("Pet.").)

Magistrate Judge Jonathan Greenberg issued a report recommending that the petition be dismissed in part and denied in part. (Doc. No. 10 ("R&R").) Durham filed an objection to the recommendation (Doc. No. 11 ("Obj.")) and, embedded in the objection, is a request for leave to conduct discovery on ground one of his habeas claim—ineffective assistance of trial counsel. (*See* Obj. at 2592–99 ("Mot.").[2])

Before considering Durham's objections to the report and recommendation, the Court will rule on petitioner's motion leave to conduct discovery with respect to his

---

[1] Durham uses the phrase "request" for leave to conduct discovery, which the Court construes as a motion.

[2] Page number references are to page identification numbers generated by the Court's electronic filing system.

ineffective assistance of counsel claim. For the reasons that follow, Durham's motion for leave to conduct discovery is denied.

**A. Background**

Durham complains that "the Magistrate Judge did not set forth an order or [schedule] for Petitioner to seek discovery to address the merits of his claim[.]" (Mot. at 2592.) Petitioner claims that the discovery he seeks is essential to the full and fair litigation of his federal constitutional claim of ineffective assistance of trial counsel. (Mot. at 2592.) It does not appear from the record, however, that Durham requested discovery while this matter was before the magistrate judge for a report and recommendation regarding the petition, and "'[h]abeas petitioners have no right to automatic discovery.'" *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001)).

In the petition, Durham claims that his trial counsel was ineffective because of numerous failures, including failing to file a motion to suppress and investigate evidence, all to Durham's prejudice. (Mot. at 2593.) Petitioner seeks leave under Rule 6 to depose: (1) defense counsel Stuart Lippe, (2) defense counsel Stephen Miles, (3) paralegal Angela Hayes regarding defense counsels' failure to investigate and prepare for trial, (4) investigator Brenda Brickerstaff regarding defense counsels' failure to investigate, (5) Detective Lynch and federal agent Williams, (6) Dr. Kessis of Applied DNA Resources regarding defense counsels' failure to recognize the need for expert DNA assistance; (7) jurors regarding the impact of inculpatory DNA evidence not properly challenged; and (8) Jerome Hardy regarding counsels' failure to investigate informant testimony. (*See* Mot. at 2594–99.) Respondent did not respond to petitioner's objections to the report and

recommendation or to the motion for leave to conduct discovery contained within petitioner's objections.

**B. Standard of Review**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts governs discovery in habeas cases. Under Rule 6, the court may, for "good cause," authorize a party to conduct discovery under the Federal Rules of Civil Procedure. "Good cause" for discovery under Rule 6 exists only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300, 89 S. Ct. 1082, 22 L. Ed. 2d (1969)).

The burden is on the petitioner to demonstrate the materiality of the information requested. *See Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). Habeas Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations," but requires "specific allegations of fact." *Id.* (internal quotation marks and citations omitted). When a habeas petitioner "offers nothing more than vague musings on how [the desired discovery] might . . . unfold[,]" he fails "to satisfy the 'good cause' standard required to obtain habeas corpus discovery." *Stojetz v. Ishee*, 892 F.3d 175, 207 (6th Cir. 2018).

**C. Analysis**

Durham's discovery request relates to the first ground for relief in the petition, which has two components:

> 1. Petitioner was denied his right to effective assistance of trial counsel, as guaranteed by the Sixth Amendment under the United States Constitution, where trial counsel failed to file a motion to suppress Petitioner's statement made during a custodial interrogation while being held in a police zone car.
>
> 2. Counsel's performance fell below an objective standard of reasonableness where he failed to file a motion to suppress evidence seized from Petitioner's vehicle without a warrant, probable cause or a reasonable suspicion that criminal activity was afoot in violation of the Fourth Amendment.

(Pet. at 5; *see also* R&R at 2557.)

In connection with this claim, Durham seeks the depositions of the individuals noted, *supra.* Petitioner argues that this discovery is necessary for the full and fair litigation of his ineffective assistance of counsel claim because "if the facts are more fully developed through these depositions, [petitioner] may be able to demonstrate that he is entitled to relief." (Mot. at 2595.)

Without deciding at this time if Durham's discovery request amounts to no more than a fishing expedition, the Court must, more importantly, consider that petitioner's ineffective assistance of counsel habeas claim was raised on direct appeal to both the state appellate court and the Supreme Court of Ohio.[3] *See State v. Durham*, 60 N.E.3d 552, 577–81 (Ohio Ct. App. 2016); *State v. Durham*, 52 N.E.3d 1204 (Table) (Ohio 2016) (declining

---

[3] The magistrate judge noted that, in the petition, Durham worded his ineffective assistance of counsel claim about his statement to the police somewhat differently than his attorneys did before the state appellate court and Ohio Supreme Court. But the magistrate judge construed Durham's petition broadly and determined that the claim in the petition is essentially the same claim as raised on direct appeal and it is respondent's position that this claim was raised and addressed on the merits by the state appellate court and the Ohio Supreme Court. (*See* R&R at 2570 fn. 7 (citations to the record omitted).)

4

to accept appeal). After a lengthy analysis, the Ohio appellate court concluded Durham's trial counsel was not ineffective for failing to file a motion to suppress his interview with homicide detectives and the seizure and search of Durham's car. *See Durham*, 60 N.E.2d at 577-81 (citing among authority *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1998)).

In *Cullen v. Pinholster,* the Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster v. Cullen,* 563 U.S. 170, 181, 131 S. Ct. 1388, 179 L. Ed. 28 557 (2011). Noting that § 2254(d)(1) review "focuses on what a state court knew and did," the Supreme Court reasoned that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id*. at 182–83. "'Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.'" *Id*. at 182. The Sixth Circuit Court of Appeals, applying *Pinholster,* bars consideration of new evidence developed in federal habeas proceedings that relate to claims adjudicated on the merits in state courts. *See, e.g. Loza v. Mitchell*, 766 F.3d 466, 494 (6th Cir. 2014) ("Loza's selective prosecution claim was adjudicated on the merits in state court and, therefore, *Pinholster* requires us to consider only the evidence that was before the state court when reviewing Loza's claim.").

"Although *Pinholster* did not directly address the issue of discovery—it concerned only whether a federal habeas court may consider new evidence introduced through an evidentiary hearing in its review under Section 2254(d)(1)—the Sixth Circuit has indicated, as have other district courts in this Circuit, that *Pinholster* also applies to evidence gathered

5

through discovery or sought in motions for discovery in federal habeas cases." *Lang v. Bobby*, No. 5:12-cv-2923, 2014 WL 5393574, at *3 (N.D. Ohio Oct. 23, 2014) (citing *Loza* (holding *Pinholster's* restriction applies to evidence acquired by petitioner through discovery permitted by district court before *Pinholster* was decided)); *Caudill v. Conover*, 871 F. Supp. 2d 639, 646 (E.D. Ky. 2012) ("It would defy logic to preclude a petitioner from developing factual information in an evidentiary hearing [under *Pinholster* ], but allow her to introduce the same factual information via discovery and expansion of the record."); *Blevins v. Warden, Ross Corr. Inst.,* No. 1:05-cv-38, 2011 WL 6141062, at *4 (S.D. Ohio 2011) ("*Pinholster* is not irrelevant to discovery in federal habeas ...; [t]here cannot be good cause to collect evidence which cannot be presented.")); *see also Guysinger v. Buchanan*, No. 20-3285, 2020 WL 5405892, at *2 (6th Cir. July 16, 2020) (affirming district court's denial of § 2254 petition claiming ineffective assistance of trial counsel and denial of discovery motion where petitioner did not show that, were trial counsel's performance not deficient, it was reasonably likely to impact the jury's verdict and, "[i]n addition, because [petitioner's] ineffective-assistance claim was adjudicated on the merits in state court, our review is limited to the record that was before the state court.") (citing *Hodges v. Colson*, 727 F.3d 517, 541 (6th Cir. 2013); *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013)); *Johnson v. Bobby*, No. 2:08-cv-55, 2018 WL 1382455, at *7–8 (S.D. Ohio Mar. 19, 2018) (same) (collecting cases).

Because Durham's § 2254 ineffective assistance of counsel claim for which he now seeks discovery was fully adjudicated on the merits in state court, this Court's review is

6

limited to the record that was before the state court, and Durham's request for discovery on that claim is denied without prejudice.[4]

## C. Conclusion

For all the foregoing reasons, Durham's motion for discovery is denied without prejudice. The Court will publish a separate ruling on Durham's objections to the report and recommendation.

**IT IS SO ORDERED**.

Dated: March 5, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court recognizes that *Pinholster* may not bar the consideration of new evidence were the Court to conclude, upon de novo review of Durham's objections to the report and recommendation concerning his ineffective assistance of counsel claim, that § 2254(d) was violated. *See Harris v. Haerberlin*, 752 F.3d 1054, 1057–58 (6th Cir. 2014) ("Because the evidentiary hearing in this case was ordered as a remedy for a federal-law error that had already been found by this court on the basis of the record that was before the state courts, *Pinholster* does not bar consideration of the evidence introduced for the first time in the district court on remand."). Accordingly, the Court will revisit Durham's discovery request, if appropriate, after ruling on Durham's objections to the report and recommendation. *See Williams v. Houk*, No. 4:06-cv-451, 2012 WL 6607008, at *5 (N.D. Ohio Dec. 18, 2012) ("[I]f this Court decides, based solely on the state court record, that the state court decisions at issue contravene or unreasonably apply clearly established federal law or involve an unreasonable determination of the facts pursuant to § 2254(d)(1) or (2), this Court may then consider additional evidence to determine whether federal habeas relief should be granted. This Court has not yet made this threshold determination under § 2254(d)(1) and/or (2), however, and it is not inclined to do so in the context of deciding Williams' discovery motion. The Court will therefore deny [petitioner's] Motion for Discovery without prejudice at this time. Should the Court ultimately determine that the state court decisions regarding the claims at issue in Williams' discovery motion unreasonably apply clearly established federal law or involve an unreasonable determination of the facts pursuant to § 2254(d), the Court will then consider whether additional factual development is necessary to determine if [petitioner] is entitled to habeas relief.") (collecting cases).